UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY WILCOX,

    Plaintiff,                                      CASE NO.

v.

GLOBAL CREDIT & COLLECTION,

    Defendant.
_____/

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, GARY WILCOX ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, GLOBAL CREDIT & COLLECTION ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Winter Haven, Polk County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Buffalo, New York.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking payment for an alleged debt.

12. Defendant contacts Plaintiff at his home telephone number from telephone numbers (786) 350-3922, (866) 577-5827, (786) 206-3773 and (866) 577-5827, multiple times a day, seeking payment for an alleged debt.

13. Defendant is rude and harassing towards Plaintiff when leaving a voicemail message as Defendant stated "I'm going to need you to listen up. We cannot continue to chase you. This has prolonged far too much and as a result I will be forwarding my negative recommendation as a refusal if contract is not made today. But we must take it a step further. While speaking to you is essential it will not get you off the hook. An Arrangement must be secured. If you have no intention please do not bother to take the time. If you do, then now is your chance. Contact my office by 9:00 pm EST today. The number is 866-915-5209."

14. Defendant also stated to Plaintiff "There are consequences for all actions; I'd like to think you know the difference between right and wrong." And "if you have zero remorse then carry on doing nothing".

15. Defendant calls Plaintiff and fails to provide meaningful disclosure of the caller's identity as Defendant does not state its name when leaving a voicemail message for Plaintiff.

16. Defendant failed to identify itself as a debt collector in subsequent communications as Defendant did not indicate that this was an attempt to collect a debt when leaving a voicemail message for Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

b) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

c) Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity;

d) Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector; and

e) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

18. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

19. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

20. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: __/s/ James Pacitti_____
James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x230
Fax:   (866) 385-1408
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## **DEMAND FOR JURY TRIAL**

      PLEASE TAKE NOTICE that Plaintiff, GARY WILCOX hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, GARY WILCOX, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, GARY WILCOX, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _12-14-10_                          _Gary Wilcox_
                                           GARY WILCOX,
                                           Plaintiff